# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**IN RE: DWAYNE ELLER**
**AND KIRSTIN ELLER,**

                                             **Case No. 4:18cv59-RH/CAS**

_____/

## REPORT AND RECOMMENDATION

This case was initiated on January 25, 2018, by the filing of a petition pursuant to Fla. Stat. 766.104(2) to request an extension of the statute of limitations and repose "for all claims arising out of medical negligence." ECF No. 1. However, § 766.104(2) directs the filing of a petition in state court, not federal court. See Hunt v. Gualtieri, No. 8:16- cv-509-T-33AAS, 2016 WL 7034412, at *9 (M.D. Fla. Dec. 2, 2016) (plaintiff filed a petition with the clerk of court in state court under Fla. Stat. § 766.104(2)); Ramos Estate of Ramos v. United States, No. 6:09-cv- 00276-GJK, 2010 WL 11519295, at *7, n.3 (M.D. Fla. Sept. 1, 2010), *aff'd sub nom.* Ramos v. U.S. Dep't of Health & Human Servs., 429 F. App'x 947 (11th Cir. 2011) (noting that the statue of limitations for a medical malpractice action in Florida is two years, but § 766.104(2) "provides for an automatic 90-day

extension of the Florida statute of limitations, for medical negligence cases, upon petition to the state court where the case will be filed."). No federal case was found by the undersigned, nor cited by Petitioner, in which a petition[1] was initially brought in federal court.

Furthermore, if this case were brought pursuant to the Federal Tort Claims Act, it would be controlled by federal law and not a state law statute of limitations. Ramos, 429 F. App'x at 952. Although it was possible that this case was intended to proceed under this Court's diversity jurisdiction as a medical malpractice action, that was not clear from the initial petition. The petition specifically states that Petitioners requested "no specific relief or action from" this Court. ECF No. 1 at 2.

Thus, Petitioners were directed to file either a status update, notice of voluntary dismissal, or other appropriate pleading demonstrating the necessity of continuing this case on or before April 26, 2018. ECF No. 2. As of this date, nothing has been filed. Accordingly, this case should now be dismissed.

**RECOMMENDATION**

---

[1] The statute directs the petition to be filed "where the suit will be filed" and payment of a $42 filing fee. That is not the amount of the filing fee for either a miscellaneous case or a civil case in federal court.

Case No. 4:18cv59-RH/CAS

It is respectfully **RECOMMENDED** that this case be **DISMISSED** because the petition fails to state a claim upon which relief may be granted and fails to demonstrate that this Court has subject matter jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**